IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SeaCube Containers LLC, | * | |
| Plaintiff, | * | Civil Action No.: 19-816 |
| v. | * | |
| Compass Containers & Shipping Services Ltda., | * | **IN ADMIRALTY** |
| | * | |
| Defendant, | * | |
| and | * | |
| Ford Motor Company, | * | |
| The Procter & Gamble Company, | * | |
| DHL Air Limited, | * | |
| Petroleo Brasileiro SA (Petrobras), | * | |
| Garnishees. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**VERIFIED COMPLAINT WITH REQUEST FOR
ISSUE OF PROCESS OF MARITIME
ATTACHMENT AND GARNISHMENT**

SeaCube Containers LLC ("SeaCube.") brings this action against Compass Containers & Shipping Services Ltda. ("Compass") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against the Garnishees and states as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Garnishees are located, can be found, and can be served with process in this District.

3. Venue is also proper in this District because Defendant has agreed to submit disputes with SeaCube under the Lease Agreements involved, to this District and further Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5. Compass is a Brazil corporation and the lessee of ocean containers from SeaCube. SeaCube is a New York corporation and leases ocean containers.

## Facts

6. SeaCube beginning July 11, 2012 entered into a series of lease agreements with Compass, for the lease to Compass of 1050 20 foot ocean containers, and 40 40 foot high cube containers (collectively the "Lease Agreements").  Under the Lease Agreements, Compass agreed to pay lease and related amounts for the use of the SeaCube ocean containers.

7. Compass further agreed in the Lease Agreements (the General Terms and Conditions for the Lease Agreements, **Exhibit A hereto**) to the following:

> The primary and paramount purpose of the lease of Equipment hereunder is to enable Lessee to offer international ocean carriage of containerized cargo aboard vessels owned, chartered or operated by Lessee and such leased Equipment is essential and necessary for that service. The Parties agree that this Lease is a maritime contract. Equipment is furnished by SeaCube to vessels owned, chartered or operated by Lessee and for the completion of voyages thereon, and any Equipment furnished to Lessee hereunder are also furnished to any vessel on which the Equipment is used. SeaCube is expressly relying upon the credit of the vessels, even if final delivery to the vessels is effected by Lessee.

* * *

Termination of the Agreement for default by Lessee shall not relieve Lessee of any liabilities or obligations incurred prior to such termination and Lessee shall remain fully liable for SeaCube's damages as provided herein and by law, and for all costs and expenses incurred by Sea Cube on account of such default including all rental charges, costs of recovering Equipment, damages to the Equipment, the Replacement Value for unrecovered Equipment, legal costs and reasonable attorney's fees. Nothing in this Section shall be construed to limit or waive any remedy or relief available to SeaCube under any other section of this Agreement or at law upon the occurrence of any event set forth in this Section.

* * *

With respect to any claim or controversy arising out of or relating to this Agreement, the parties hereto consent to the jurisdiction of the State and Federal Courts located in the State of New York, USA.

8. Although Compass obtained and used the ocean containers which SeaCube provided according to the Lease Agreements, Compass failed to make payments to SeaCube as Compass had agreed in the Lease Agreements. Despite repeated demand, Compass continues to fail to make such payments, continues to fail or refuse to return SeaCube's ocean containers, and is in default of the Lease Agreements.

9. Compass continues to fail or refuse to return 267 of SeaCube's ocean containers contractually worth **$649,090**, specifically, 227 20 foot ocean containers with a contractual value of $2,670 apiece (total contractual value $606,090) and 40 40 foot high cube ocean containers with a contractual value of $1,095 apiece (total, $43,800). A list of the ocean containers which Compass obtained through the Lease Agreement and has failed or refused to return to SeaCube, is **Exhibit B hereto**.

10. SeaCube regularly has sent invoices to Compass stating the amounts due and overdue, which presently totals **$997,013.53**. A summary of these invoices and the total amount presently due is **Exhibit C hereto**.

### Count I – Breach of Maritime Contract

11. SeaCube incorporates the above paragraphs as if fully set forth herein.

12. Compass has breached its maritime contract with SeaCube, as set out above. Despite repeated demand, SeaCube remains unpaid.

13. SeaCube therefore demands judgment, as set out more fully below.

### Count II: Maritime Attachment and Garnishment (Rule B)

14. SeaCube incorporates the above paragraphs as if specifically set forth herein.

15. SeaCube seeks issue of process of maritime attachment so that it may be paid the amounts due it under the Lease Agreements. Agreed Amount.

16. No security for SeaCube's claims has been posted by Compass or anyone acting on its behalf to date.

17. Compass lists its customers on a page of its website, a copy of which is **Exhibit D hereto**: https://www.compass.com.br/p/compass/clientes/.  Compass specifically lists the garnishees named here, Ford Motor Company, The Procter & Gamble Company, DHL Air Limited, and Petroleo Brasileiro SA (Petrobras) as its customers.  These garnishees who, as customers, by such designation are likely to owe accounts to Compass, are subject to process in this District.  By virtue of these Garnishees being present in this District, the property owed to Compass also is present in this District.  *Consub Del. L.L.C. v. Schahin Eugenharia Limitada*, 676 F. Supp. 2d 162, 167 (S.D.N.Y. 2009).  Given that each garnishee is a customer that Compass expressly has identified as a current customer, each garnishee possesses, or is likely to possess, "identifiable property of the defendant," namely, accounts payable, and "owes a debt, or is likely to owe a debt, to Defendant."  *DS-Rendite Fonds Nr. 108 VLCC Ashna GmbH & Co Tankschiff KG v. Essar Capital Ams. Inc.*, 882 F.3d 44, 50 (2018).

18. Compass cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District, including but not limited to the named Garnishees.

**Prayer for Relief**

WHEREFORE, Sea Cube prays:

A. That in response to Count I, this Court have this case proceed for the security of SeaCube in the amount of at least **$1,646,903.53** plus further amounts for interest, costs and attorneys' fees;

B. That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Compass' tangible or intangible property or any other funds held by any Garnishee, up to the amount of at least the amount demanded herein to secure Sea Cube's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

/

D.     That this Court award SeaCube such other and further relief that this Court deems just and proper.

Dated: January 28, 2019.

/s/ J. Stephen Simms
J. Stephen Simms (*pro hac vice* applied for)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Ph:     410-783-5795
Fax:    410-510-1789
jssimms@simmsshowers.com

SeaCube Containers LLC Counsel

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for Harmony Innovation in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on January 28, 2019.

/s/ *J. Stephen Simms*
J. Stephen Simms