UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEACUBE CONTAINERS LLC,
                Plaintiff,

-v-

COMPASS CONTAINERS & SHIPPING
SERVICES LTDA.,
                Defendant.

19-CV-816 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

This is a breach of contract case brought by SeaCube Containers LLC ("SeaCube") against Compass Containers & Shipping Services Ltda. ("Compass") alleging that Compass failed to both make payments on leased shipping containers and return them. Presently before the Court is a request to direct the Clerk's office to recognize SeaCube's service of the summons and complaint as proper for the purposes of its application for entry of default pursuant to Local Rule 55.1. For the reasons that follow, that request is denied.

**I.    Background**

SeaCube filed its complaint on January 28, 2019. (Dkt. No. 1.) On February 7, 2019, SeaCube filed a Notice of Service showing that a copy of the complaint had been served on Compass via Federal Express. (Dkt. No. 17.) Compass, which is based in Brazil, has not appeared or responded to the complaint.

On March 1, 2019, SeaCube applied for a Clerk's Certificate of Default and filed a proposed certificate. (Dkt. Nos. 19, 19-2.)[1] That proposed certificate was rejected by the

---

[1] On March 26, 2019, the Clerk's Office directed SeaCube to refile an ECF-compliant version of the application and proposed certificate. SeaCube did so on March 27, 2019. (Dkt. Nos. 23, 25.)

1

Clerk's office on March 27, 2019, because "the pleading was improperly served." (Docket Entry dated March 27, 2019.) In response to this Court's order on May 14, 2019 (Dkt. No. 26), SeaCube filed a status letter on June 4, 2019, indicating its intent to continue seeking a default judgment and requesting that the Court direct the Clerk's office to recognize SeaCube's prior service attempt as proper. (Dkt. No. 28.)

## II.     Discussion

Federal Rule of Civil Procedure 4(h) provides in relevant part that a foreign corporation to be served outside of any judicial district of the United States may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery." Fed. R. Civ. P. 4(h)(2). Rule 4(f)(2)(A) allows service "if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Fed. R. Civ. P. 4(f)(2)(A).

SeaCube argues that service via Federal Express is proper under both Brazilian and New York law, and thus the Clerk's office should be directed to accept service as proper for the purposes of the application for a Clerk's Certificate of Default. The Court addresses each of these arguments in turn and then concludes with a discussion of the change in the relevant legal landscape since SeaCube first attempted service.

### A.     Brazilian Law

In February 2019, at the time that service was attempted, Brazil was a signatory to the Inter-American Convention on Letters Rogatory and Additional Protocol ("IACAP"). *See* S Treaty Doc. No. 98-27 (1979). Rule 4(f)(2)(A) applies in this case because IACAP "allows but does not specify other means" of service. *See* Fed. R. Civ. P. 4(f)(2)(A), *Laino v. Cuprum S.A.*

2

*de C.V.*, 663 N.Y.S.2d 275 (2d Dep't 1997) ("We conclude that the Inter-American Convention permits alternate methods of service and that its procedures are not the exclusive means of service of process on defendants residing in a signatory nation.").

Given that the IACAP is not mandatory, SeaCube argues that Federal Express was an acceptable method of service under Brazilian law. (Dkt No. 28 at 2–3.) SeaCube chiefly relies on an opinion from the Special Court of the Superior Court of Justice of Brazil, *HDE No. 89 – US (Shutterstock Inc. v. Latin Stock Brasil Produções Ltda.)* (Oct. 31, 2017), to support that position. (*Id.*) However, the portion of the *Shutterstock* opinion that SeaCube cites (*id.*) is misleading without its proper context. Service was deemed proper in *Shutterstock* because the parties had *expressly agreed* that service by mail was valid. (Dkt. No. 30-1 at 8.)[2] Because the agreement was entered into "under the auspices of the laws of the State of New York," service by mail in *Shutterstock* "complie[d] with the laws in effect in the State where the decision was issued and with what was agreed upon in the agreement." (Dkt. No. 30-1 at 7–8.) Far from making a generalized statement regarding the validity of service by mail, *Shutterstock* observed that "countless precedents" establish that "the service of process to a person residing in Brazil to answer a foreign lawsuit must be carried out via letter rogatory." (Dkt. No. 30-1 at 5.) It is only due to the express and legally binding agreement between the parties providing for service by mail that the *Shutterstock* court refused to let Brazilian law be a barrier to the agreement because "service by process of mail is not uncommon in Brazilian law[]." (Dkt. No. 30-1 at 8.) SeaCube and Compass do not have, and SeaCube does not argue that they have, an express agreement in

---

[2] In relevant part, the agreement at issue in *Shutterstock* stated: "[T]he service of process with respect to any lawsuit, dispute, and litigation arising from or related to this agreement may take place by way of a copy sent by registered or certified mail (or any substantially similar form of correspondence), prepaid, to the Reseller." (Dkt. No. 30-1 at 8.)

3

the contract at issue allowing service by mail. (*See* Dkt. Nos. 1-1, 28.) Without such an express agreement, *Shutterstock* does not apply. Accordingly, SeaCube has failed to demonstrate that the service effected here complied with Rule 4(f)(2)(A).

**B.     New York Law**

SeaCube also makes an argument that Federal Express is valid service under New York law. (Dkt. No. 28 at 3–4.) However, it is not clear that the question of whether service is proper under New York law is relevant here. Federal Rule of Civil Procedure 4(f) does not mention state law as a relevant consideration for proper service when the entity is being served abroad. While Rule 4(e) does mention that service can be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located," that rule applies only when serving an entity "within a judicial district of the United States." Fed. R. Civ. P. 4(e). To support its argument regarding the applicability of New York law, SeaCube cites *Latimer v. S/A Industrias Reunidas F Matarazzo*, 175 F.2d 184 (2d Cir. 1949), in which service of process was upheld on a Brazilian defendant because service "would have been valid had the action been brought in the state court." (Dkt. No. 28 at 3 (citing *Latimer*, 175 F.2d at 186).) However, the Brazilian corporation in *Latimer* was served through a New York affiliate that was "organized under the law of New York and did business in the City of New York." *Latimer*, 175 F.2d. at 184–85. Consequently, *Latimer* does not apply because Compass was served in Brazil, not New York.

Even if the laws of New York were relevant, SeaCube's arguments that service was proper under state law are unavailing. N.Y. C.P.L.R. § 311(a)(1) provides that personal service upon a corporation may be made "by delivering the summons . . . upon any domestic or foreign corporation" or an authorized representative. SeaCube argues that section 311(a)(1)'s definition

4

of personal service includes service via Federal Express. (Dkt. No. 28 at 3.) The Supplementary Practice Commentaries to that section directly contradict that notion. They state: "CLPR 311(a)(1)'s requirement of 'delivery' to a statutorily specified representative of a corporate defendant means in-hand tender of process by a process server. Service by means of an overnight courier, such as Federal Express, does not meet this standard." Vincent C. Alexander, *Supplementary Practice Commentaries* (2014) (citing *Premier Staffing Servs. of N.Y., Inc. v. RDI Enters., Inc.,* 962 N.Y.S.2d 891 (Sup. Ct. 2013)).

Second, SeaCube also argues that service is proper pursuant to N.Y. C.P.L.R. Rule 2103(b)(6), which allows service of papers through an "overnight delivery service." (Dkt. No. 28 at 3–4 (quoting N.Y. C.P.L.R. R. 2103(b)(6)).) While it is true that Federal Express is an overnight delivery service, the rule also requires that the papers be affirmatively sent by overnight delivery. N.Y. C.P.L.R. R. 2103(b)(6). Here, SeaCube sent the complaint and summons by "International Priority," and it took two days for the documents to get to Compass. (*See* Dkt. No. 17-1.) Since SeaCube did not actually send the summons and complaint by "overnight delivery," it did not comply with Rule 2103(b)(6).

**C.     The Hague Service Convention**

SeaCube has not demonstrated that service was proper under either Brazilian or New York law. However, the legal landscape has changed since SeaCube attempted service in February 2019. On June 1, 2019, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Service Convention") became effective in Brazil. (Dkt. No. 28 at 2 n.1.) Compliance with the Hague Service Convention is "'mandatory' when serving a defendant who resides in a foreign country that is a signatory to the convention." *RSM Prod. Corp. v. Fridman*, No. 06 Civ.

5

11512, 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988)). Federal Rule of Civil Procedure 4(f)(1) states that service may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Now that Brazil is a signatory to the Hague Service Convention, that international agreement is the exclusive means through which service can be effectuated when serving a Brazilian defendant.

### III. Conclusion

For the foregoing reasons, Plaintiff's request for the Court to direct the Clerk's office to recognize SeaCube's service of the summons and complaint as proper is DENIED. Plaintiff may re-serve the complaint in accordance with the Hague Service Convention, provided that it does so within 90 days of the date of this order.

The Clerk of Court is directed to close the motion at Docket Number 23.

SO ORDERED.

Dated: July 31, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge